HENRICKSON, Appellant, v. SMITH, Respondent; WE YING and POK WING WAH, Interveners and Appellants.

No. 8688; June 14, 1883.

**Bills and Notes—Note Payable After Named Event—Maturity.** A note expressly made payable after the maker should be released from an attachment then in force is not, before that event, subject to a demand for payment.

**Assignment—Obligor Treating With Assignee.**—The obligor of a claim which apparently has been assigned is justified in treating with the assignee, if without knowledge or notice that the assignee is not the bona fide owner of it.

**Fraudulent Assignment.**—The Release from a Past Indebtedness due from the fraudulent assignee of a claim, who assumes to transfer the latter, is not a sufficient consideration as against the just owner, so as to insure rights in the transferee.

**Fraudulent Assignment—Notice to Holder.**—One who purchases a claim from an assignee with notice of mala fides in the assignment cannot withhold the claim from the assignor.

APPEAL from Superior Court, Sacramento County.

C. P. Goff and Young & Young for appellant; G. L. Johnson for respondent; D. E. Alexander for interveners and appellants.

By the COURT.—Plaintiff counts upon the instrument following:

"$500.                    Sacramento, June 11, 1879.

"For value received I promise to pay Charles P. Goff, or order, the sum of five hundred dollars, payable when I am released from liability upon an execution issued upon a judgment rendered upon the 6th day of June, 1878, in the Fourteenth Judicial District of the State of California, in and for the county of Nevada, in favor of Ba Chow and Ah Boy, and against Long Ah Noy, Ah Soey and Lee Ah Noy, copartners, under the firm name and style of Yung Tye Lee Kee, for six hundred and thirty-five dollars and costs.

(Signed)    "S. D. SMITH.

"Witness: GROVE L. JOHNSON."

And also upon an alleged indebtedness, upon a balance of account due from defendant to one Ah Gue, in the sum of three hundred and fifty dollars, assigned to Chas. P. Goff, and by him, for valuable consideration, to plaintiff.

There was evidence that defendant had received notice of garnishment from the sheriff of Nevada—that any sum due from him to the defendant in the action mentioned in the foregoing writing had been attached, etc. Also of an execution issued in the same action and served upon the defendant herein. There was no evidence that any liability on the part of defendant created by the service of notice of the attachment or by the execution had been released.

There was evidence, therefore, to sustain the finding of the court that the sum of money mentioned in the note or writing was not due when this action was commenced.

The case does not show any notice to defendant herein of the frauds alleged in the intervention connected with the assignment from Ah Gue to Goff and from the latter to plaintiff. The defendant therefore was justified in dealing with the plaintiff as the owner of the claim of Ah Gue.

(The transcript contains no answer by plaintiff or defendant to the complaint of the interveners. But no point is made on the failure to answer the intervention. The case was apparently tried as if it had been answered.)

The finding and judgment as to the indebtedness for three hundred and fifty dollars alleged in the second count of the second amended complaint of the plaintiff were in favor of the interveners, and of this portion of the judgment interveners do not complain.

The court found, upon evidence, that the averments of the intervention as to the fraudulent intent as to the assignment from Ah Gue were true, and that the facts were known to plaintiff when he took his assignment—no consideration being given therefor except a release of past indebtedness from his assignor to plaintiff.

The judgment for three hundred and fifty dollars and costs in favor of interveners was therefore correct.

Judgment and orders affirmed.